IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| TERRENCE HOWARD, | : | Case No. 25-12010 (AMC) |
| | : | |
| Debtor. | : | |
| | : | |

**STIPULATION RESOLVING TURNOVER OF VEHICLE AND REQUEST OF POLICE AND FIRE FEDERAL CREDIT UNION FOR ADEQUATE PROTECTION**

WHEREAS, on May 21, 2025 (the "Petition Date"), Terrence Howard (the "Debtor") filed an individual voluntary petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code");

WHEREAS, the instant case was filed after the Debtor's prior case, Case No. 23-13369 (AMC) was dismissed on May 8, 2025 (the "First Case");

WHEREAS, prior to the Petition Date, Debtor was indebted to PFFCU pursuant to a motor vehicle financing Loan Agreement obtained by the Debtor on May 3, 2021. This financing is secured by a 2021 Honda Accord, VIN 1HGCV1F17MA005749 (the "Vehicle");

WHEREAS, prior to the Petition Date in the First Case, PFFCU repossessed the Vehicle which was subsequently turned over to the Debtor by PFFCU in exchange for certain preconfirmation payments pursuant to a stipulation between the Debtor and PFFCU;

WHEREAS, the First Case was dismissed prior to PFFCU receiving any significant distributions toward the amounts that the Debtor owed under the Loan Agreement and, due to the passage of time, the Loan Agreement was entered into more than 910 days prior to the Debtor filing the instant case;

#125033198v1

WHEREAS, during the First Case, PFFCU was an over-secured creditor with respect to the Vehicle; however, because the Vehicle is used by the Debtor as a ride-share vehicle, the Vehicle has depreciated at a significant rate due to the mileage accumulated by the Debtor and the Debtor is in prepetition arrears in the amount of $8,447.75, such that the value of the Vehicle is less than the amount owed by the Debtor to repay his obligations under the Loan Agreement;

WHEREAS, because the Vehicle is depreciating at a significant rate due to it being used as a ride-share vehicle and the Debtor being in significant arrears, PFFCU requires that the Debtor pay the repossession and storage fees prior to PFFCU releasing its possession of the Vehicle to the Debtor and also that it receive monthly payments as of the Petition Date until plan confirmation in an amount at least equal to the rate of depreciation that occurred between the First Case and the instant case so that its interest in the Vehicle is not further impaired during the pendency of the instant case;

WHEREAS, as of the Petition Date, the Debtor owes $875 in repossession and storage fees, $7,572.75 in prepetition arrears (not including repossession and storage fees, but including 34 missed bi-weekly payments and a partial payment and $455.24 in prepetition late fees), and a loan balance of $17,939.69, which will be reflected in a proof of claim filed by PFFCU;

WHEREAS, at the time of the First Case, the clean retail value of the Vehicle was $21,816 and the clean retail value of the Vehicle as of the Petition Date in the instant case is $15,975;

WHEREAS, to avoid the costs associated with PFFCU filing a motion for adequate protection, the Debtor filing a turnover motion and further litigation, the Parties have agreed to stipulate to turnover of the Vehicle to the Debtor and preconfirmation adequate protection payments being made to PFFCU on the terms set forth herein.

#125033198v1

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1.  The Debtor and PFFCU agree that PFFCU shall receive payment of $875 from funds being refunded to the Debtor by the Chapter 13 Trustee in the First Case, upon the receipt of which, PFFCU shall provide the Debtor with release instructions for the Vehicle.

2.  The Debtor and PFFCU agree that PFFCU shall receive a pre-confirmation distribution in the amount of $370 per month from monies paid by the Debtor to the Chapter 13 Trustee, retroactive to the Petition Date, and continuing until the Debtor's Chapter 13 Plan, is confirmed, which plan shall provide for monthly payments to PFFCU of not less than $370 per month following confirmation.

3.  Following confirmation of the Plan, distributions shall be made to PFFCU as provided in the confirmed Plan.

4.  The Debtor shall maintain insurance coverage on the Vehicle as a ride-share vehicle as required by Pennsylvania law, naming PFFCU as the lienholder.

5.  Each of the signatories to this Stipulation acknowledges and represents that his or her respective client has reviewed this Stipulation and has authorized the execution of same by undersigned counsel.

6.  Should the Debtor fail to comply with any of the terms of this Stipulation or fail to make payments to the Chapter 13 Trustee sufficient for disbursements to be made to PFFCU as provided herein, counsel for PFFCU may serve counsel to the Debtor with a notice of default and Debtor shall have ten (10) days from the receipt thereof to cure the default in full or PFFCU may, without further notice, file a Certification of Default with the Court.  The Debtor shall not oppose such Certification other than on the basis that the default has been cured prior to the

Certification having been filed. Upon entry of the Certification of Default, the Court shall enter an order granting relief from the automatic stay as to the Vehicle.

7.  If the instant bankruptcy case is terminated by either dismissal, conversion or discharge other than pursuant to 11 U.S.C. § 1328(a), this Stipulation shall be null and void and not binding upon the Parties and the Parties shall be returned to their respective positions prior to the execution of this Stipulation.

8.  This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

CONSENTED TO BY:          DILWORTH PAXSON LLP

DATED:  June 2, 2025          */s/ Anne M. Aaronson*
                                               Anne M. Aaronson, Esquire
                                               *Attorney for PFFCU*

CONSENTED TO BY:          CIBIK LAW OFFICES

DATED:  June 2, 2025          */s/ Michael A. Cibik*
                                               Michael Cibik, Esquire
                                               *Attorney for Debtor*

WITHOUT OBJECTION TO
TERMS, WITHOUT PREJUDICE
TO CHAPTER 13 TRUSTEE'S
RIGHTS AND REMEDIES:
                                               KENNETH E. WEST, Chapter 13 Trustee

DATED:  June 2, 2025          */s/ Jack K. Miller, Esquire    for*
                                               Kenneth E. West, Trustee

4

#125033198v1